PEOPLE v. DOBBINS.

(Supreme Court, Appellate Term. January 7, 1909.)

COURTS (§ 189*)—MUNICIPAL COURTS—APPEARANCE—WAIVER OF PROCESS.
    Where defendant, though not served with summons, appeared and went to trial without objection, she thereby conferred jurisdiction over her, under Municipal Court Act (Laws 1902, p. 1498, c. 580) § 26, providing that voluntary appearance cures defective service.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]
    Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the People against Ada V. Dobbins. From a judgment for the People, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Andrew F. Murray, for appellant.

William Schuyler Jackson (Joseph D. Edelson, of counsel), for the People.

GILDERSLEEVE, P. J. The plaintiff brought this action against Anne V. D. Dobbins, first name being fictitious, and George H. Dobbins, to recover a penalty for a violation of section 28 of the agricultural law (Laws 1893, p. 664, c. 338). The summons was amended upon the trial by substituting the real name of the defendant as "Ada," in place of "Annie"; and, it being shown that she was the owner and proprietor of a restaurant and that the codefendant was the manager only, the action was dismissed as to him and judgment was taken against her alone.

The cause of action was based upon the serving at the defendant's restaurant to her customers the substance known as "oleomargarine" for and in lieu of butter, and there was ample testimony to support the judgment. The defendant herein also made a motion in this court to have this judgment reversed upon the ground that no service of the summons was ever made upon the defendant Ada V. D. Dobbins, and hands up affidavits in support of such motion. If, however, we should consider the affidavits upon the appeal from the judgment, waiving the defendant's irregularity in practice, we should nevertheless affirm the judgment, for the reason that, although there is no evidence that the defendant was ever served with a summons, yet she appeared and went to trial without objection, and by such voluntary appearance conferred jurisdiction upon the court. Section 26, Municipal Court Act (Laws 1902, p. 1498, c. 580).

Judgment affirmed, with costs, and motion denied.

MacLEAN, J., concurs.

SEABURY, J. (dissenting). The defendant kept a restaurant at No. 632 Eighth avenue, New York City. Two inspectors of the department of agriculture of this state entered this restaurant and ordered meals. With the meals they were served with "oleomargarine." In the pantry of the restaurant they found a tub of the same substance that was served to them, which was marked "oleomargarine." A chemist called on behalf of the plaintiff testified that, upon analysis, he found the substance to be "oleomargarine," and that it was colored. The inspectors did not order butter, and there is no evidence that the "oleomargarine" was served to them as butter. The sale of "oleomargarine," either in its natural state or colored, as "oleomargarine," is not illegal in this state. People v. Biesecker, 169 N. Y. 53, 61 N. E. 990, 57 L. R. A. 178, 88 Am. St. Rep. 534; People v. Marx, 99 N. Y. 377, 2 N. E. 29, 52 Am. Rep. 34; People ex rel. McAuley v. Wahle, 124 App. Div. 762, 109 N. Y. Supp. 629. Where "oleomar-

garine" is sold in imitation or in semblance of natural butter, its sale may be prohibited in order "to prevent fraud on purchasers and consumers." People v. Biesecker, 169 N. Y. 53, 56, 61 N. E. 990, 57 L. R. A. 178, 88 Am. St. Rep. 534. In order to make one liable for the penalty imposed for the violation of this statute, the burden is upon the plaintiff to establish by competent evidence that the "oleomargarine" was sold in imitation of natural butter. The evidence presented in the trial of this action was insufficient to establish this fact.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.